IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LATAUNYA GIPSON, § <br> Plaintiff § <br> § | CIVIL ACTION NO. |
| vs. § § | Jury Trial Demanded |
| IGS NEVADA, INC. AND § <br> PORTFOLIO RECOVERY § <br> ASSOCIATES, LLC § <br> Defendants § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### NATURE OF ACTION

1. This is an action for damages brought by an individual plaintiff for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), the Texas Debt Collection Practices Act, Chapter 392 (hereinafter "TDCPA") and the Texas Business and Commerce Code, Subchapter E, Chapter 17, (hereinafter "DTPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Plaintiff seeks to recover monetary damages for Defendant's violation of the FDCPA, the TDCPA and the DTPA, and to have an Order or injunction issued by this Court preventing Defendants from continuing its violative behaviors.

3. Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. §1132(e)(2).

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants' transact business in this district.

## PARTIES

6. Plaintiff, Lataunya Gipson ("Plaintiff"), is a natural person who at all relevant times resided in the State of Texas, County of Harris, and City of Humble.

7. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the Texas Business and Commerce Code section §17.50(a)(1) and Texas Finance Code §392.001(1).

8. Defendant, IGS Nevada, Inc. ("IGS") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) and by Tex. Fin. Code Ann. § 392.001(6).

9. IGS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

10. Defendant, Portfolio Recovery Associates, LLC, ("PRA") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

11. PRA is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

## FACTUAL ALLEGATIONS

12. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than IGS.

13. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than IGS, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

14. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than IGS.

15. IGS uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

16. PRA purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

17. PRA acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

18. PRA is thoroughly enmeshed in the debt collection business, and PRA is a significant participant in IGS's debt collection process.

19. In connection with the collection of an alleged debt, Defendant IGS, itself and on behalf of its parent company, Defendant PRS, left a voicemail message on Plaintiff's cellular telephone on Thursday, August 12, 2010 @ 12:35 P.M., and at such time, failed to disclose to Plaintiff the true corporate or business name of Defendant, and further failed to notify Plaintiff that the communication was from a debt collector. (15 U.S.C. §§ 1692d(6), 1692e(11).

20. Defendant IGS, itself and on behalf of its parent company, Defendant PRS, via its agent and/or employee, left a voicemail message on Plaintiff's cellular telephone on Thursday, August 12, 2010 @ 12:35 P.M., in which it was stated, in relevant part: "[m]y name is Jackie, this is not a sales or collection call by any means," when in fact, the call was placed in connection with the collection of an alleged debt. (15 U.S.C. § 1692e(10)).

21. Defendant, itself and on behalf of its parent company PRS, placed multiple non-emergency calls to Plaintiff's cellular telephone, without the prior

express consent of Plaintiff, using an automatic telephone dialing system. (47 U.S.C. 227(b)(1)(A)(iii)).

22. Defendants' actions constitute conduct highly offensive to a reasonable person.

### COUNT I—VIOLATIONS OF THE FDCPA
### DEFENDANT IGS

23. Plaintiff repeats and re-alleges each and every allegation above.

24. Defendant IGS violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that IGS violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II—VIOLATIONS OF THE FDCPA
## DEFENDANT PRA

25. Plaintiff repeats and re-alleges each and every allegation above.

26. Defendant PRA violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that PRA violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III—VIOLATIONS OF THE TDCPA
## DEFENDANT IGS

27. Plaintiff repeats and re-alleges each and every allegation above.

28. Defendant IGS violated the Texas Debt Collection Practices Act in one or more of the following ways:

a. MM to advise

    b. Using false representations or deceptive means to collect a debt or obtain information concerning a consumer, including (Tex Fin Code § 392.304(a)(19)).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant IGS violated the TDCPA;

    b) Awarding Plaintiff statutory damages pursuant to the TDCPA;

    c) Awarding Plaintiff actual damages pursuant to the TDCPA;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT IV—VIOLATIONS OF THE TDCPA
### DEFENDANT PRA

29.     Plaintiff repeats and re-alleges each and every allegation above.

30.     Defendant PRA violated the Texas Debt Collection Practices Act in one or more of the following ways:

    a. MM to advise

    b. Using false representations or deceptive means to collect a debt or obtain information concerning a consumer, including (Tex Fin Code § 392.304(a)(19)).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant PRA violated the TDCPA;

    b) Awarding Plaintiff statutory damages pursuant to the TDCPA;

    c) Awarding Plaintiff actual damages pursuant to the TDCPA;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V—VIOLATIONS OF THE DTPA
## DEFENDANT IGS

31. Plaintiff reincorporates by reference herein all prior paragraphs above.

32. This suit is brought, in part, under the authority of Tex. Bus. & Com. Code § 17.41 et seq., commonly known as the Deceptive Trade Practices and Plaintiff Protection Act and cited in this petition as the "DTPA".

33. Defendant IGS was given notice in writing of the claims made in this Petition more than sixty days before this suit was filed in the manner and form required by DTPA §17.505 (a).

34. Defendant IGS made numerous material misrepresentations in an attempt to collect the purported consumer debt as detailed above.

35. Defendant IGS knew or should have known that its representations were false and/or acted in reckless disregard for the truth or falsity of its representations.

36. Defendant IGS's actions were done maliciously and in willful, wanton and reckless disregard for the rights of the Plaintiff.

37. Defendant IGS's actions as detailed above constitute a violation of the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41.

38. The conduct described above has been and is a producing and proximate cause of damages to Plaintiff. Plaintiff's damages include: Statutory damages of at least $100.00 per violation, actual/economic damages, emotional and/or mental anguish damages, exemplary/punitive damages, and Plaintiff's attorneys' fees and costs.

39. Additionally, Plaintiff seeks an award of discretionary additional damages in an amount not to exceed three times the amount of economic damages if Defendant's conduct is found to have been committed knowingly; or an amount

not to exceed three times the amount of economic and mental anguish damages if Defendants' conduct is found to have been committed intentionally.

40.   Plaintiff seeks reasonable and necessary attorney's fees in this case through the time judgment is entered and for any post-trial or post-judgment appeals, to be detailed through a statement of services submitted at the appropriate time.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

(a)   a declaratory judgment be entered that Defendant IGS's conduct violated the DTPA;

(b)   an award for all actual damages, exemplary damages, emotional/mental anguish damages and all statutory additional damages, all attorneys fees, costs of court, and pre-judgment and post-judgment interest at the highest lawful rates;

(c)   an award of discretionary additional damages in an amount not to exceed three times the amount of economic damages if Defendant's conduct is found to have been committed knowingly; or an amount not to exceed three times the amount of economic and mental anguish damages if Defendant's conduct is found to have been committed intentionally;

(d)   such other and further relief as may be just and proper.

## COUNT V—VIOLATIONS OF THE DTPA
## DEFENDANT PRA

41. Plaintiff reincorporates by reference herein all prior paragraphs above.

42. This suit is brought, in part, under the authority of Tex. Bus. & Com. Code § 17.41 et seq., commonly known as the Deceptive Trade Practices and Plaintiff Protection Act and cited in this petition as the "DTPA".

43. Defendant PRA was given notice in writing of the claims made in this Petition more than sixty days before this suit was filed in the manner and form required by DTPA §17.505 (a).

44. Defendant PRA made numerous material misrepresentations in an attempt to collect the purported consumer debt as detailed above.

45. Defendant PRA knew or should have known that its representations were false and/or acted in reckless disregard for the truth or falsity of its representations.

46. Defendant PRA's actions were done maliciously and in willful, wanton and reckless disregard for the rights of the Plaintiff.

47. Defendant PRA's actions as detailed above constitute a violation of the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41.

48. The conduct described above has been and is a producing and proximate cause of damages to Plaintiff. Plaintiff's damages include: Statutory damages of at least $100.00 per violation, actual/economic damages, emotional

and/or mental anguish damages, exemplary/punitive damages, and Plaintiff's attorneys' fees and costs.

49.     Additionally, Plaintiff seeks an award of discretionary additional damages in an amount not to exceed three times the amount of economic damages if Defendant's conduct is found to have been committed knowingly; or an amount not to exceed three times the amount of economic and mental anguish damages if Defendants' conduct is found to have been committed intentionally.

50.     Plaintiff seeks reasonable and necessary attorney's fees in this case through the time judgment is entered and for any post-trial or post-judgment appeals, to be detailed through a statement of services submitted at the appropriate time.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

(a)     a declaratory judgment be entered that Defendant PRA's conduct violated the DTPA;

(b)     an award for all actual damages, exemplary damages, emotional/mental anguish damages and all statutory additional damages, all attorneys fees, costs of court, and pre-judgment and post-judgment interest at the highest lawful rates;

(c)     an award of discretionary additional damages in an amount not to exceed three times the amount of economic damages if Defendant's conduct

is found to have been committed knowingly; or an amount not to exceed three times the amount of economic and mental anguish damages if Defendant's conduct is found to have been committed intentionally;

(d)    such other and further relief as may be just and proper.

### COUNT VI—VIOLATIONS OF THE TCPA
### DEFENDANT IGS

51.    Plaintiff repeats and re-alleges each and every allegation above.

52.    Defendant IGS violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

### COUNT VII—VIOLATIONS OF THE TCPA
### DEFENDANT PRA

53. Plaintiff repeats and re-alleges each and every allegation above.

54. Defendant PRA violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

g) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

h) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

i) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

j) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

k) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

l) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted,

By: /s/ Dennis R. Kurz
Dennis R. Kurz
Texas State Bar # 24068183
Attorney in Charge for Plaintiff

WEISBERG & MEYERS, L.L.C.
5927 Almeda Road
#20818
Houston TX 77004
(888) 595-9111 ext. 412
(866) 842-3303 (fax)

## CERTIFICATE OF SERVICE

I certify that on October 29, 2010, I electronically filed the foregoing document with the clerk of the U.S. District Court, Southern District of Texas, Houston Division, using the electronic case filing system of the court.

/s/ Dennis R. Kurz
Dennis R. Kurz